**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 11-1217, 11-3577, and 11-4439

UNITED STATES OF AMERICA

v.

ORLANDO SUASTEGUI,

Appellant in 11-1217

UNITED STATES OF AMERICA

v.

EDUARDO CHOPIN-MEZA,
a/k/a "Orlando Martinez",

Appellant in 11-3577

UNITED STATES OF AMERICA

v.

DIONI SANTIAGO-RODRIGUEZ,

Appellant in 11-4439

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Nos. 2-09-cr-00378-001; 2-09-cr-00378-002 and 2-09-cr-00378-003)
District Judge:  Honorable C. Darnell Jones, II

Before:  SCIRICA, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 19, 2013 )

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judges</u>:

In this consolidated appeal, Eduardo Chopin-Meza, Orlando Suastegui, and Dioni Santiago-Rodriguez (collectively, the defendants) challenge their convictions following a trial before the District Court.  For the reasons that follow, we will affirm the District Court's judgment of conviction as to each of the defendants.

**I.       Background[1]**

In January 2009, an informant cooperating with the DEA helped coordinate a sting operation resulting in the defendants' arrest.  At the time of their arrest, the defendants were found to be in possession of approximately 600 grams of cocaine, 1.2 grams of crack cocaine, and a 9mm handgun.  The defendants were arrested and charged with various immigration, narcotics, and firearms offenses, including possession of a firearm in furtherance of a drug transaction in violation of 18 U.S.C. § 924(c).

All three defendants proceeded to trial on the Section 924(c) charge.  Santiago-Rodriguez and Chopin-Meza pleaded guilty to the drug charges, so Suastegui was the

---

[1] We write primarily for the parties, who are familiar with the facts of this case. Therefore, we will set forth only those facts necessary to our analysis.

only member of the trio who contested those issues before the jury. Because Suastegui was the sole defendant facing drug charges at trial, he moved to sever his trial from the trial of his co-defendants. The District Court denied the motion.

At trial, the informant testified about his relationship with Santiago-Rodriguez. During cross-examination, the informant's answer to a question suggested that he was about to testify about his failed attempt to purchase a gun with Santiago-Rodriguez approximately three months before the narcotics transaction at issue in this case. Before the informant gave his answer, the government moved for a sidebar and requested that evidence of the attempted purchase be excluded because the conversation was not relevant and admission of such a conversation would prejudice Santiago-Rodriguez. The District Court excluded the testimony.

Later on, during the same cross-examination, the informant apparently referred to his failed attempt to buy a gun with Santiago-Rodriguez, stating: "The one time I was supposed to meet somebody for guns didn't happen." The informant did not refer to Santiago-Rodriguez by name, although he was discussing the drug deal with Santiago-Rodriguez shortly beforehand. After this testimony was elicited, the defendants moved for a mistrial or, in the alternative, severance of their trials. These motions were denied.

Suastegui also cross-examined a DEA agent about the contents of the criminal complaint and affidavit he signed. Although the District Court allowed cross-examination on the issues about which the agent had personal knowledge, it held that the

3

agent could not testify about information that was "relayed to federal agents" because such testimony would be hearsay.

At the conclusion of the trial, Suastegui was convicted of the narcotics charges. All three defendants were convicted of the Section 924(c) offense. The defendants filed post-trial briefs arguing that the government had committed prosecutorial misconduct by failing to disclose that the informant and Santiago-Rodriguez had previously attempted to purchase a gun. In response, the government laid out the details of the attempted purchase: the informant and Santiago-Rodriguez were looking to buy a .45 caliber pistol or an AK-47 assault rifle. However, when they attempted to contact the seller to arrange a place to complete the transaction, they could not get in touch with him because his cell phone number was no longer in service. The District Court denied the defendants' motion for a mistrial, finding that there was no *Brady* violation and that evidence of the prior attempted gun purchase was inadmissible. Additionally, the District Court held that Santiago-Rodriguez suffered no prejudice by the informant's single reference to the unsuccessful gun purchase.

## II.    Discussion[2]

The defendants have alleged seven different errors in the proceedings below: (1) the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose the attempted gun purchase; (2) the District Court improperly limited cross-examination

---

[2] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

on the subject of the attempted gun purchase; (3) the District Court failed to sever the trial based on the evidence of the attempted gun purchase; (4) the District Court failed to declare a mistrial based on the informant's reference to the attempted gun purchase; (5) the District Court erred in limiting cross-examination based on hearsay objections; (6) the evidence presented at trial did not establish Santiago-Rodriguez's possession of a gun; and (7) the jury instructions for the Section 924(c) charge were inconsistent. As discussed below, the defendants' arguments are unavailing.

### A.    Brady Claim

Suastegui and Chopin-Meza assert that they were denied a fair trial and are entitled to a new one due to the government's failure to disclose Santiago-Rodriguez's previous attempt to purchase a gun. They argue that this evidence constituted *Brady* material that should not have been withheld. Our review of the District Court's conclusions of law as to the *Brady* claim is plenary. *United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006). We review any findings of fact for clear error. *Id.*

Under *Brady*, the government has an obligation to disclose all evidence that is favorable to the accused and material either to guilt or punishment. *Brady*, 373 U.S. at 87. Here, the informant's testimony about the failed gun purchase was not exculpatory for Suastegui or Chopin-Meza. All that the evidence showed is that Santiago-Rodriguez had previously tried and failed to purchase a gun. That evidence had nothing to do with showing who was the owner of the gun on the day that the defendants were arrested.

5

Therefore, because the evidence was not exculpatory, Suastegui and Chopin-Meza's *Brady* claim fails.

### B. Cross-Examination

Suastegui and Chopin-Meza also allege that the District Court should have allowed them to cross-examine the informant about the conversation he had with Santiago-Rodriguez about the gun purchase. We review the District Court's evidentiary rulings for an abuse of discretion, including its limitations on cross-examination. *United States v. Stadtmauer*, 620 F.3d 238, 271 (3d Cir. 2010).

This argument is without merit because Santiago-Rodriguez's failed attempt to buy a gun in the months before his arrest is inadmissible as evidence to show that it was Santiago-Rodriguez alone who possessed the gun recovered in the car on the day of his arrest. *See* Fed. R. Evid. 404(b) (barring admission of evidence offered to show that a person committed a crime based on his commission of a previous, similar crime). Consequently, the District Court did not abuse its discretion in barring any cross-examination of the informant on this topic.

### C. Severance

Suastegui and Chopin-Meza assert that the District Court should have granted their motion for severance. We review a district court's denial of a motion for severance for an abuse of discretion. *United States v. Hart*, 273 F.3d 363, 369 (3d Cir. 2001). But even with an abuse of discretion, reversal is not required absent "clear and substantial

prejudice" resulting in a manifestly unfair trial. *Id.* at 370 (citation and internal quotation marks omitted).

Suastegui and Chopin-Meza argue that, had their trial been severed from Santiago-Rodriguez's, they would have been able to offer evidence of Santiago-Rodriguez's prior attempt to buy a gun with the informant to show that Santiago-Rodriguez was the sole possessor of the gun found in the car when they were arrested. This argument fails because, as noted above, using evidence of Santiago-Rodriguez's earlier failed attempt to buy a gun as evidence that he owned the handgun found on his person on the day of the defendants' arrest is impermissible under Rule 404(b). Given the absence of an abuse of discretion or any clear or substantial prejudice to the defendants, we reject their severance argument.

### D.    Mistrial

All three defendants contend that the District Court should have granted their motions for a mistrial due to the informant's inadvertent reference to the conversation he had with Santiago-Rodriguez about purchasing a gun. "We review the denial of a motion for a mistrial based on a witness's allegedly prejudicial comments for an abuse of discretion." *United States v. Riley*, 621 F.3d 312, 335-36 (3d Cir. 2010) (citations and internal quotation marks omitted). "Three factors must be analyzed to determine whether the defendant was prejudiced: "(1) whether [the witness's] remarks were pronounced and persistent, creating a likelihood they would mislead and prejudice the jury; (2) the

7

strength of the other evidence; and (3) curative action taken by the district court." *Id.* at 336 (alteration in original) (citations and internal quotation marks omitted).

The District Court did not abuse its discretion in declining to grant a mistrial based on the informant's reference to his attempt to purchase a gun with Santiago-Rodriguez. As to Suastegui and Chopin-Meza, the interactions between the informant and Santiago-Rodriguez have nothing to do with Suastegui or Chopin-Meza's guilt or innocence. Therefore, they could not suffer prejudice as a result of the informant's testimony. As to Santiago-Rodriguez, the remarks were short, isolated, and vague, so there was little chance of misleading the jury. Additionally, there was strong evidence in support of Santiago-Rodriguez's guilt of using a firearm in furtherance of a narcotics transaction: he was arrested in a car with over a half kilogram of cocaine and a handgun. Finally, any curative instruction to the jury would have only served to draw unnecessary attention to the informant's testimony. Consequently, we find that Santiago-Rodriguez suffered no prejudice either.

**E.       Hearsay Objections**

Suastegui argues that the District Court erred in refusing to allow him to cross-examine a DEA agent about certain portions of the criminal complaint and affidavit he signed. "We afford a district court's evidentiary ruling plenary review insofar as it was based on an interpretation of the Federal Rules of Evidence, but review a ruling to admit or exclude evidence, if based on a permissible interpretation of those rules, for an abuse of discretion." *United States v. Saada*, 212 F.3d 210, 220 (3d Cir. 2000).

8

The District Court allowed cross-examination on most of the agent's personal knowledge of the facts contained in the documents, but ruled that Suastegui could not cross-examine the agent about certain information that had been "relayed to federal agents" by a confidential informant because the agent's testimony on that subject would be inadmissible hearsay. Suastegui asserts that the exception for regularly conducted activity applies and that the agent should have testified about the information relayed by the informant because he had personal knowledge of what that information was. *See* Fed. R. Evid. 803(6). Suastegui, however, overlooks the fact that the information relayed to the agent is itself hearsay and is therefore subject to the double hearsay provision of Rule 805, which prohibits admission of hearsay nested within hearsay. Thus, even if the Rule 803(6) exception applied to the agent's statements in the criminal complaint and affidavits, the statement of the confidential informant to the agent is hearsay subject to no exception. Therefore, the evidence was properly excluded.

**F.      Sufficiency of the Evidence to Support a Conviction Under Section 924(c)**

Santiago-Rodriguez argues that the mere presence of the gun in the car at the time of his arrest is insufficient to sustain his conviction under Section 924(c). Santiago-Rodriguez did not move for a judgment of acquittal on this ground. We therefore review this claim on appeal for plain error. *United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002). "A conviction based on insufficient evidence is plain error only if the verdict constitutes a fundamental miscarriage of justice." *Id.* (internal quotation marks omitted).

Section 924(c) criminalizes the use of a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). "A defendant convicted of conspiracy is liable for the reasonably foreseeable acts of his coconspirators committed in furtherance of the conspiracy." *United States v. Ramos*, 147 F.3d 281, 286 (3d Cir. 1998) (citing *Pinkerton v. United States*, 328 U.S. 640 (1946)). Thus, if the government is proceeding on a *Pinkerton* theory, it need not prove the defendant's knowledge of the gun's existence; rather the government need only prove that one of his co-conspirators knew that a gun was being used in furtherance of narcotics trafficking. *Id.*

There was ample evidence to support the jury's verdict: the gun was found in the car that the defendants were in—indeed, the gun was found wedged in the seat right next to Suastegui at the time of his arrest—while they were consummating a narcotics trafficking offense. Thus, the jury could have concluded that Suastegui knowingly possessed the gun in furtherance of committing such an offense. Under *Pinkerton*, that knowledge could have been imputed to Santiago-Rodriguez. Because no miscarriage of justice occurred in convicting Santiago-Rodriguez of violating Section 924(c), there was no plain error and we will not disturb the jury's verdict.

### G.     Jury Instruction for the Section 924(c) Charge

Santiago-Rodriguez argues that the jury instruction was improper because the *Pinkerton* instruction to the jury removed the element of knowledge from the Section 924(c) offense and therefore the *Pinkerton* instruction, the Section 924(c) instruction, and

10

the charges set forth in the indictment are all in conflict. Santiago-Rodriguez did not object to the jury instructions, so we review for plain error. *Gordon*, 290 F.3d at 542-43.

The jury was given separate instructions on the Section 924(c) offense and *Pinkerton* liability. The jury was instructed that knowledge was an element of a Section 924(c) offense. The jury was also instructed that, under *Pinkerton*, it could impute the acts of Santiago-Rodriguez's co-conspirators to Santiago-Rodriguez. The *Pinkerton* instruction did not remove the knowledge element from the Section 924(c) charge in the indictment or conflict with the Section 924(c) instruction about the knowledge element; rather, the *Pinkerton* instruction properly allowed the jury was to impute the knowledge element to Santiago-Rodriguez based on the knowledge of his co-conspirators. We therefore find no plain error in the jury charge.

## III.   Conclusion

For the foregoing reasons, we will affirm the District Court's judgment of conviction as to each defendant.